LAW LIBRARY

NO. 30137

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
GERALD VILLANUEVA, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 96-0078(2))

2010 JUN 23 AM 8:00 FILED JEAN R. KIKUMOTO CLERK APPELLATE COURTS STATE OF HAWAII

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Leonard, Reifurth, JJ.)

In this post-conviction proceeding, Defendant-Appellant Gerald Villanueva (Villanueva) appeals pro se from the following orders filed by the Circuit Court of the Second Circuit (circuit court):[1]

(1) "Order Denying Writ of Habeas Corpus Under L1892 Chapter LVII Section 37 Eighth" (Order 1), which was filed by the circuit court on October 5, 2009;

(2) Order denying a document entitled "Writ of Habeas Corpus[;] Notice of Response to the State of Hawaii Request for" (Order 2), which was filed by the circuit court on October 6, 2009;

(3) "Order Striking Document Entitled L 1892 Chapter LVII Section 5; Affidavit of Declaration; Memorandum in Support; Genealogy" (Order 3), which was filed by the circuit court on October 8, 2009;

(4) "Order Striking Document Entitled Laws of the Hawaiian Islands Prior to January 17, 1893" (Order 4), which was filed by the circuit court on October 8, 2009;

(5) "Order Striking Document Entitled Jurisdiction is Invoked L 1892 Chapter LVII Sec 5 Et Al." (Order 5), which was filed by the circuit court on October 8, 2009;

---

[1] The Honorable Shackley F. Raffetto presided.

(6) "Order Striking Document Entitled Common Law Venue Chapter LVII an Act to Reorganize the Judiciary Department Be It Enacted by the Queen and the Legislature of the Hawaiian Kingdom" (Order 6), which was filed by the circuit court on October 8, 2009; and

(7) "Order Striking Document Entitled Notice of American and Hawaiian Citizenship; Memorandum in Support of Facts; Declaration of Gerald Villanueva; Exhibit (A), (B); Genealogy; Certificate of Service" (Order 7), which was filed by the circuit court on October 8, 2009.

For the reasons discussed below, we affirm in part and vacate in part Order 1, vacate Orders 2 through 7, and remand the case for further proceedings.

I.

A.

In Villanueva's underlying criminal case (Cr. No. 96-0078(2)), he was convicted of first degree robbery, in violation of Hawaii Revised Statutes (HRS) § 708-840 (1993) (Count I); possession or use of a firearm in the commission of a separate felony, in violation of HRS 134-6(a) (Supp. 1996) (Count II); and possession of a prohibited firearm or device, in violation of HRS § 134-8 (1993) (Count III), for acts that occurred in 1995. He was sentenced in 1996 to concurrent terms of imprisonment of twenty years on Count I, twenty years on Count II, and five years on Count III.

Villanueva appealed from his judgment of conviction and sentence. In a summary disposition order filed on May 28, 1998, the Hawai'i Supreme Court affirmed the convictions and sentences for counts I and III and reversed the conviction and sentence for Count II. State v. Villanueva, No. 20220 (Hawai'i May 28, 1998) (unpublished). It does not appear that any action was taken by the circuit court with respect to the reversed conviction following the disposition by the Hawai'i Supreme Court.

2

B.

In 2009, Villanueva filed a series of documents with the circuit court.

On August 14, 2009, Villanueva filed: (a) a document entitled "L 1892 Chapter LVII Section 5; Affidavit of Declaration; Memorandum in Support; Genealogy " (Document 3), in which he appears to challenge the jurisdiction of the State of Hawaiʻi to hold him in prison; and (b) a document entitled "Laws of the Hawaiian Islands Prior to January 17, 1893" (Document 4) which appears to be in support of Document 3.

On August 18, 2009, Villanueva filed: (a) a document entitled "Jurisdiction is invoked L 1892 chapter LVII Sec 5; United States Constitution Article III sec. 1; One Supreme Court; State Constitution Article VI section 1. One Supreme Court; Organic Act Chapter IV Section sec. 81. One Supreme Court; Exhibit "A" case no CL-96-0210-M006, Gerald Villanueva vs. United States et. al. (Habeas Corpus)" (Document 5), which appears to be in support of Document 3; (b)a document entitled "Common Law Venue Chapter LVII An Act to Reorganize the Judiciary Department Be it enacted by the Queen and the Legislature of the Hawaiian Kingdom" (Document 6), which appears to be in support of Document 3; and (c) a document entitled "Notice of American and Hawaiian Citizenship; Memorandum in Support of Facts; Declaration of Gerald Villanueva; Exhibit (A), (B); Genealogy; Certificate of Service" (Document 7), which appears to be in support of Document 3.

The State of Hawaiʻi (State) filed a "Notice of No Response," stating that unless requested by the circuit court, the State would not respond to the three documents filed by Villanueva on August 18, 2009. In the Notice of No Response, the State characterized the August 18 documents as appearing to be "a non-conforming Petition For Post-Conviction Relief under Hawaiʻi Rules of Penal Procedure ("HRPP") Rule 40 . . . ."

3

On October 5, 2009, Villanueva filed a document entitled "Writ of Habeas Corpus Under L 1892 Chapter LVII Section 37 Eighth" (Document 1). Villanueva appeared to be again challenging the jurisdiction of the circuit court to order his incarceration. Document 1 referenced both Cr. No. 96-0078(2) and Cr. No. 05-1-0946. On October 5, 2009, the circuit court filed Order 1, which instructed the Legal Documents Clerk to forward filed-stamped copies of Document 1 and Order 1 to the First Circuit to address matters relating to Cr. No. 05-1-0946. Order 1 provided that the circuit court would accept Document 1 for filing and address the matters relating to Cr. No. 96-0078(2). In Order 1, the circuit court summarily denied the request for writ of habeas corpus contained in Document 1, stating that "the request is denied as to the case referenced as Cr. No. 96-0078(2)."

On October 6, 2009, Villanueva filed a document entitled "Writ of Habeas Corpus[;] Notice of Response to the State of Hawaii Request for" (Document 2). On that same date, the circuit court denied Document 2 by stamping the document "DENIED."

On October 8, 2009, the circuit court filed Orders 3 through 7, striking Documents 3 through 7. In each of the five orders, the circuit court stated the basis for striking the document as follows: "The Court reviewed [the document] and finds that the document is irrelevant and incompetent."

II.

A.

On appeal, Villanueva raises the following arguments:

(1) The circuit court erred in striking the documents filed by Villanueva;

(2) The circuit court erred in imposing a sentence of 20 years incarceration;

(3) The circuit court violated Villanueva's constitutional rights; and

(4) The circuit court did not have jurisdiction over Villanueva, who is a Hawaiian citizen.

In response, the State argues that the circuit court was correct in striking the documents because they did not comply with Hawaiʻi Rules of Penal Procedure (HRPP) Rule 40 (2006). The State does further state that "in the interests of justice, this matter should be remanded for Villanueva to be resentenced for only Counts One and Three, with Court [sic] Two to be dismissed."

B.

It appears from the documents filed by Villanueva in the circuit court that Villanueva sought post-conviction relief based upon his belief that the circuit court lacked jurisdiction to enter the judgment of conviction and sentence against him in Cr. No. 96-0078(2). We conclude that Villanueva was entitled to consideration of the issues he raised for post-conviction relief under HRPP Rule 40 and that the circuit court erred in failing to consider the documents he filed under HRPP Rule 40.

The review of a decision denying a HRPP Rule 40 petition without a hearing for failure to show a colorable claim is *de novo*. State v. De Guair, 108 Hawaiʻi 179, 187, 118 P.3d 662, 670 (2005). Because we view the documents filed by Villanueva as an attempt to obtain post-conviction relief pursuant to HRPP Rule 40, we review the decision by the circuit court to deny and strike those documents *de novo*.

C.

HRPP Rule 40(c)(2) requires that a nonconforming petition should be treated as an HRPP Rule 40 petition under certain conditions. It also sets forth procedures for the circuit court to follow when treating a nonconforming petition as an HRPP Rule 40 petition. HRPP Rule 40(c)(2) provides:

> (2) NONCONFORMING PETITION. Where a post-conviction petition deviates from the form annexed to these rules, it shall nevertheless be accepted for filing and shall be treated as a petition under this rule provided that the petition (i) claims illegality of a judgment or illegality of "custody" or "restraint" arising out of a judgment, (ii) is accompanied by the necessary filing fee or by a well-founded request to proceed without paying filing fees,

5

and (iii) meets minimum standards of legibility and regularity.

When treating a nonconforming petition as a petition under this rule, the court shall promptly clarify by written order that the requirements of this rule apply and, if the information in the petition is incomplete, may require the petitioner to file a supplemental petition in the form annexed to these rules before requiring the state to respond.

In addition, with respect to the disposition of an HRPP Rule 40 petition, HRPP Rule 40(g) provides:

**(g) Disposition.**

(1) IN FAVOR OF THE PETITIONER. If the court finds in favor of the petitioner, it shall enter an appropriate order with respect to the judgment or sentence in the former proceeding, or with respect to custody based on such judgment, and such supplementary orders as to rearraignment, retrial, custody, bail, discharge or other matters as may be necessary or proper.

(2) AGAINST THE PETITIONER. The court may dismiss a petition at any time upon finding the petition is patently frivolous, the issues have been previously raised and ruled upon, or the issues were waived. The court may deny a petition upon determining the allegations and arguments have no merit.

(3) THE JUDGMENT. The court shall state its findings of fact and conclusions of law in entering its judgment on the petition.

The documents filed by Villanueva are legible, and they collectively claimed that the circuit court was without jurisdiction and therefore the judgment and his custody were illegal. There has been no indication that Villanueva failed to pay, or did qualify for an exemption from paying, the necessary filing fee. We conclude that under HRPP Rule 40(c)(2), the circuit court was required to file Villanueva's documents and treat them as an HRPP Rule 40 petition.

The word "strike" means "[t]o expunge, as from a record . . . ." Black's Law Dictionary 1559 (9th ed. 2009). By striking Documents 3 through 7, the circuit court expunged the

documents from the record, effectively undoing their filing contrary to HRPP Rule 40(c)(2). Instead of striking the documents, the circuit court should have treated the documents as a petition for post-conviction relief pursuant to HRPP Rule 40.

Villanueva's failure to comply with the requirements of HRPP Rule 40 should have been corrected by an order instructing Villanueva to abide by that rule. HRPP Rule 40(c)(2). In addition, the circuit court should have followed HRPP Rule 40(g) in disposing of Villanueva's requests for relief.

### III.

Based on the foregoing, it is hereby ordered as follows:

1. Order 1 is affirmed to the extent that it instructed the Legal Documents Clerk to forward filed-stamped copies of Document 1 and Order 1 to the First Circuit to address matters relating to Cr. No. 05-1-0946 and accepted Document 1 for filing. Order 1 is otherwise vacated to permit the circuit court to consider Document 1 pursuant to HRPP Rule 40.

2. Order 2 and Orders 3 through 7 are vacated.

3. On remand, the circuit court is directed to treat the documents submitted by Villanueva collectively as a petition under HRPP Rule 40 and to consider the documents submitted by Villanueva under HRRP Rule 40. We express no view on the merits of Villanueva's requests for relief.

4. The circuit court shall take appropriate steps to implement the Hawaiʻi Supreme Court's 1998 decision in Appeal No. 20220, which reversed Villanueva's conviction and sentence on Count II for possession or use of a firearm in the commission of a separate felony.

5.    The case is remanded for further proceedings consistent with this court's summary disposition order.

DATED:   Honolulu, Hawai'i, June 23, 2010.

On the briefs:

Gerald Villanueva
Defendant-Appellant Pro Se

Richard K. Minatoya,
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellee

*Craig H. Nakamura*
Chief Judge

Associate Judge

Associate Judge

8